FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 16 2023
TAMMY H. DOWNS, CLERK
By: DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

FREDERICK J. BARTON
#163889 PLAINTIFF

V. No. 4:23-CV-447-DPM-JTR

HILL, Sergeant, P.C.R.D.F.;
JACKSON, Deputy, P.C.R.D.F.;
COBB, Sergeant, P.C.R.D.F.;
ALLEN, Lieutenant, P.C.R.D.F.;
and DOES, Deputies, P.C.R.D.F. DEFENDANTS

**ORDER**

On May 12, 2023, Plaintiff Frederick J. Barton ("Barton"), a pretrial detainee in the Pulaski County Detention Facility ("PCDF"), filed a *pro se* § 1983 action alleging Defendants violated his constitutional rights. *Doc. 2*. Before Barton may proceed with his case, the Court must first screen his claims.[1]

In his Complaint, Barton alleges that, on March 25, 2023, he told Defendant Sergeant Hill that he wanted to file a witness statement and grievance regarding an excessive force incident on another inmate. Doc. 4 at 6. Immediately following

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Barton's declaration, the following events occurred: (1) Defendant Cobb grabbed his arm and forced him to the ground; (2) "another officer put his knee to [Barton's] face[,] breaking [his] glasses;" (3) Lieutenant Allen grabbed his left arm and force it behind his back; and (4) Lieutenant Hill "hog tied" his legs to his back. Id. Following the incident, he "continuously requested medical treatment" for his injured right ankle, but all requests were denied. Id. Barton brings his claims against all Defendants in their individual and official capacities. *Doc. 2 at 2.* He seeks monetary damages and injunctive relief. *Id. at 5.*

For screening purposes only, Barton has stated viable excessive force, First Amendment retaliation, and inadequate medical care claims against the Defendants.

The Court will direct service on the named Defendants but cannot order service on the "other officer" that placed his knee to Barton's face until Barton provides his name and service address. See *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is the prisoner's responsibility to provide a proper service address for each defendant); *Coleman v. Newton*, 334 F. App'x 52, 53 (8th Cir. 2009) (affirming dismissal of prisoner's § 1983 complaint after he failed to provide the information needed to serve defendants). After the named Defendants are served and have filed Answers, the Court will enter a Scheduling Order that sets a deadline for Barton to file a Motion for Service containing the identity and service address of the Doe Defendant.

Additionally, because this case involves a use of force, the Court will direct the PCDF to preserve any video or photographic evidence related to the March 2023 incident.

IT IS THEREFORE ORDERED THAT:

1. Barton is ALLOWED TO PROCEED with his excessive force, First Amendment retaliation, and inadequate medical care claims against Sergeant Hill, Deputy Jackson, Sergeant Cobb, Lieutenant Allen, and the Doe Defendant.

2. The Clerk is directed to prepare summonses for Sergeant Hill, Deputy Jackson, Sergeant Cobb, and Lieutenant Allen. The United States Marshal is directed to serve the summons, Complaint (*Doc. 2*), and this Order, on each of them, at the Pulaski County Detention Center, without prepayment of fees or costs.[2]

3. The Clerk of the Court is directed to mail a copy of this Order to the Jail Administrator, Pulaski County Detention Facility, 3201 West Roosevelt Road, Little Rock, Arkansas 72204.

4. The Jail Administrator is directed to immediately take all necessary steps to preserve any video recordings of the March 2023 incident and any photographs that may have been taken of Plaintiff's injuries. If necessary, the Court

[2] If any Defendant is no longer a Pulaski County employee, the individual responding to service must file a *sealed* statement providing the unserved Defendant's last known private mailing address.

will ask that these videos and photographs be filed with the Clerk's office at a later date.

SO ORDERED this 16th day of May, 2023.

J. Thomas Ray
UNITED STATES MAGISTRATE JUDGE